## Sim Bigham v. The State.

### No. 1446.   Decided November 18th, 1896.

| 36 | 453 |
| 37 | 80 |
| 39 | 249 |

**1. Statement of Facts—Diligence to Obtain Sufficient.**

See facts stated in the opinion, upon which it is Held: That defendant used due diligence to procure a statement of facts, and that the failure to obtain the same was not attributable to any laches on his part.

**2. Same—Where Statement is Prepared by Judge, and Incorporated Into the Record—As to Appellant's Right to Have Same Stricken Out.**

The provisions of Art. 1382. Rev. Stats., with regard to the preparation and filing of a statement of facts after the time allowed by law, governs also in criminal cases, and, in every criminal case, where an appellant has been guilty of no laches during the time allowed by law, but has used due diligence to have the statement of facts filed in time; and the judge, by a lack of diligence or otherwise, fails to file a statement of facts within the prescribed time, but files such statement afterwards, the appel·lant shall not be deprived of his right of appeal, and the record shall be considered by the court as perfected, including the statement of facts so filed; and the same will not be stricken out on motion of appellant, on the ground that it was filed after the ten days allowed. This is as much a statement of facts, binding upon appellant, as if it was an agreed statement approved by the judge, and the judge, on account of some unavoidable circumstance or otherwise, had failed to file the same within the time required by law

**3. Same—Statement Filed by Judge Cannot be Controverted.**

Approval by the judge of a statement of facts imports absolute verity, in any case, and the statute makes no provision for a correction thereof by affidavit or other·wise, much less does it authorize attacks upon the correctness of such statement by ex parte affidavits.

**4. Theft of Cattle—Continuance.**

On a trial for theft of cattle, a continuance is properly refused, where it is sought to prove by the absent witness that he (the witness) had cattle running in the range in certain brands, but which brands are not at all similar to any of the brands found upon the cattle in controversy.

**5. Bill of Exceptions—Certificate of Judge—Effect and Extent of.**

The certificate of the judge to a bill of exceptions, is not a certificate that the grounds stated in the bill are true, but only that the testimony was offered under the circumstances indicated by the grounds stated.

**6. Proof That Another is the Thief.**

On a trial for theft of cattle, the fact that a complaint has been made against another party, and his appearance bond taken on an accusation for theft of said cattle, is no proof of the fact that such party, and not defendant, was the original taker of the cattle.

**7. Bill of Exceptions—Bill of Sale.**

A bill of exceptions to the exclusion in evidence of a bill of sale, offered by defend·ant. which does not show by whom the bill of sale was executed, nor to whom made, or that it referred to the cattle in controversy, is wholly insufficient.

Appeal from the District Court of Jones. Tried below before Hon. Ed. J. Hamner.

Appeal from a conviction for theft of cattle; penalty, two years' im-prisonment in the penitentiary.

Appellant was charged by the indictment with the theft of five head of cattle, the property of one S. P. Crawford. After his conviction, he obtained an order of court allowing the statement of facts to be prepared and filed within ten days after the adjournment of the court for the

term. His diligence to procure a statement of facts within the time al-- lowed, together with the reasons of his failure, and the making out a statement by the judge, after the ten days, with an order to have it filed, are all fully stated in the opinion. Appellant moved the court to strike this statement of facts, made by the judge, from the record, and filed affidavits in support of his motion, to the effect that said statement was incorrect as to the testimony of certain witnesses.

Defendant's bills of exception are sufficiently illustrated by the opinion, and a repetition of the facts relating to them, is unnecessary.

The evidence shows that the five head of cattle were stolen from Craw- ford; that Crawford recovered them from Bill Martin; that Martin bought them about two weeks before from Arthur Sears, and that Arthur Sears purchased them from defendant; and when he purchased them they had been branded as the brand appeared when Crawford re-- covered them; that is, that Crawford's original brand had been changed to the brands they then had upon them. When confronted with these facts, defendant said that the brand upon two of the animals was his, and that upon the other three was the brand of one Bud Wilson; and,. he claimed, at that time, to have sold these three animals for Bud Wil- son. Afterwards he claimed to have a bill of sale from Bud Wilson, and this bill of sale had been exhibited by him to the grand jury, but subsequently appears to have been lost, and he saved a bill of exceptions, to the court's excluding evidence as to this bill of sale on the trial. The opinion states the matters pertaining to this bill of exceptions. At the time defendant sold the five head of cattle to Bill Martin, he also offered to sell him an old cow, which Martin refused to buy because he knew the brand, then upon her, was the Crawford brand. Defendant got Martin to help him saw off the horns of this cow, which changed her looks considerably, as her horns were of peculiar shape. Crawford also recovered this cow from the pasture of one Beasley, and she was iden-- tified by Martin as the cow whose horns he and defendant had cut off. After Crawford had recovered and taken possession of these animals, defendant made no effort to reclaim or establish his title to them. De-- fendant did not testify in his own behalf at the trial.

*Leggett & Cunningham* and *C. M. Christenberry*, for appellant.— Contended—that the case should be reversed, because appellant, without any fault or laches on his part, had been deprived of a statement of facts; and, that the purported statement of facts made up and approved by the judge, after the expiration of the ten days after adjournment, should not be considered by the court on this appeal. Citing, Ruston v. State, 15 Tex. Crim. App., 337; Id., 377; Hilburn v. Preston, 32 S. W. Rep., 702; Collins v. Kay, 69 Texas, 365.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of the theft of cattle, and given two years in the penitentiary, and prosecutes this appeal. The record shows that the case was tried at the August term, 1896, of the District court of Jones County, and that said court adjourned on the 4th day of September, 1896. The statement of facts was filed on the 26th of September, 1896, more then ten days after the adjournment of said court. Appellant moves to strike out said statement of facts, alleging that he used due diligence to procure the filing of the same within the ten days, and that it was laches on the part of the court not to have had the same filed within said time; alleging, also, that said statement of facts is not a full and correct statement of all the facts proved on the trial—and in support of his motion he attaches affidavits. In answer to appellant's motion, there is, among the papers of this cause, an affidavit of the District Judge. Said affidavit is intended to show diligence on his part, and shows, substantially, that the District Court in Jones County adjourned on the 4th of September, 1896, and that an order allowing ten days after adjournment within which to file a statement of facts was allowed and entered; that said judge convened the District Court of Fisher County on Monday, the 7th of September; that his official duties kept him in said court continuously; that on Monday or Tuesday night, September 7th or 8th, one of the attorneys for the defendant handed him a statement of facts, and informed him that he and the District Attorney could not agree, and requested the court to make out and file a statement of facts; that the judge informed said attorney that he probably would not have time to prepare and file a statement of facts in said cause within the ten days; that the said statement would be prepared as soon as possible, and would be filed as within the ten days; that the judge was engaged in the trial of cases in Fisher County until September 12th; that thereafter, and so soon as he and the District Attorney obtained time, a statement of facts was prepared and forwarded to the clerk of the District Court at Anson, Texas, marked, "Filed September 5th, 1896," and the clerk was directed to so file said statement; but that the clerk refused so to do, and refused to incorporate said statement of facts in the record on appeal by direction of the appellant's attorney. The record shows without controversy that said statement of facts was not received and filed by the District Clerk of Jones County until the 26th of September, 1896. The affidavit of appellant's attorney, Cunningham, shows that he went from Jones County to Fisher County with the statement of facts prepared, and on the 7th of September submitted said statement of facts to the District Attorney, who represented the case on the trial in the District Court; that he and the District Attorney failed to agree on said statement, and on the 8th of September in Roby, Fisher County, delivered in person said statement of facts to Judge E. J. Hammer, who had tried the cause, and told him that said District Attorney and himself had failed to agree on a statement of facts, and that he presented the statement prepared by himself to the judge as appel-

lant's statement of facts. Said affidavit further shows that it was not due to the fault or laches of the defendant or his counsel that he failed to file a statement of facts within the ten days after adjournment of court.

One of the questions in this case is whether or not appellant used all the diligence required of him by law in order to obtain and have filed a statement of facts within the time prescribed by law. It appears that on the third day after the adjournment of the court at Anson, in Jones County, he had prepared a statement of facts, and went with the same to the adjoining county, Fisher, where the judge was then holding court, and endeavored to agree with the District Attorney, representing the State, on said statement of facts, and in his uncontradicted affidavit shows a failure to make such agreement with the District Attorney, and, indeed, no effort whatever is shown on the part of the District Attorney to agree on a statement of facts in said cause. On the same day, or the next day, he presented said statement of facts to the judge, and informed him of his failure to agree with the District Attorney on a statement of facts, and gave the judge his own statement, with the request that he prepare and file a statement of facts in the case. This was all that the statute required the appellant to do in this regard. It then became incumbent on the judge to prepare, sign, and file, within the time, a correct statement of the facts proved on the trial. See, Rev. Stat., 1895, Art. 1380. The judge then had six or seven days within which to make out and file a statement of facts in the case. He excuses himself, however, on the ground that his official duties at Roby occupied all of his time until the 12th of September. We take it for granted that this was true, but we can conceive of no more important duty on the part of a District Judge than the duty which the law devolves upon him to assist an appellant who has been convicted in perfecting his appeal. This duty directly involves the right of a full hearing of the case on appeal, and in our opinion should not be displaced by any other official engagement. However, the court adjourned at Roby on the 12th of September. The judge had three days yet remaining within which to have prepared and filed a statement of facts in the case, but no effort is shown in the meantime to discharge this duty. It will be noted, in this connection, that the statute makes it the duty of the judge, during the term, after the parties have failed to agree on a statement of facts, to make out such statement himself, and file same in the case, and it does not appear to be obligatory on the part of appellant's counsel to do more than hand the judge the statement of facts prepared by him, and report to said judge that he and the District Attorney have been unable to agree on a statement of facts; and it is then made the duty of the judge to make up and file a statement of facts in the case himself, during the term. The statute does not in express terms provide that this course shall be pursued after the term, when a ten-days' order has been granted; but, we take it, the same rule of procedure is applicable, and should be followed. In the view we take of this question, appellant had

done all that was required of him, and by the delay or omission of the judge the statement of facts was not filed in time. It is insisted, however, that, although the statement of facts was not filed within the time, and that this was on account of no laches of the defendant, yet that there is a statement of facts in the case, prepared and filed by the judge, and it is the duty of this court, nevertheless, to consider the same; and we are referred to Article 1382 of the Revised Statutes of 1895, which is as follows: "Art. 1382. Whenever a statement of facts shall have been filed after the times respectively prescribed in the preceding articles, 1379, 1380 and 1381, of this chapter, and the party tendering or filing the same shall show to the satisfaction of the courts of civil appeals that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time in this chapter prescribed for filing the same, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control, the courts of civil appeals shall permit said statement of facts to remain as part of the record, and consider the same in the hearing and adjudication of said cause the same as if said statement of facts had been filed in time." It will be noted that said article has direct relation to civil cases, yet the law on the subject requires this court to be governed by the rules in the preparation and filing of a statement of facts, as is prescribed in the civil statute. The record shows clearly that there was no laches or lack of diligence on the part of the appellant in preparing and having filed the statement of facts in this case, but that the failure to file the same was attributable to the judge; and it is immaterial whether this failure was on account of his lack of diligence or not. The statute says, if the appellant used diligence to obtain the approval and signature of the judge, and the failure to file. the same within the time prescribed by law is not due to the fault or laches of the appellant or his attorney, and such failure was the result of causes beyond his control, then, if a statement of facts is filed in the case after the time prescribed by law (which in this case is ten days after the adjournment of the court), the court shall permit said statement of facts to remain as a part of the record, and consider the same in the hearing and adjudication of said cause, the same as if said statement of facts had been filed in time.

It is insisted that this right to have said statement considered is optional with the appellant in this case, and that, as he has elected to strike the same from the record, we should not consider the same as a statement of facts; and we are cited to the case of Hilburn v. Preston (Tex. Civ. App.), 32 S. W. Rep., 702. That case appears to hold that the act in question (Article 1382) was intended only for the benefit of the appellant, and if he tenders the statement, and desires that it remain as a part of the record in the case, it may so remain. That may be the law in civil cases, where the statute makes it the duty of the appellant to tender and have filed a statement of facts, and makes it the

duty of the clerk, on application of either party, to make out and deliver to him a transcript of the record in the cause for the purpose of filing in the Appellate Court. In criminal cases, however, after the statement of facts is filed and the transcript prepared, it is made the duty of the clerk to forward the same to the Court of Criminal Appeals. The appellant in such case does not tender the record, or the statement of facts; nor can it be said that it is especially for his benefit, more than the fact that his appeal, as perfected, may be beneficial to him. As we understand it, the statute simply provides that, in every criminal case, where an appellant has been guilty of no laches during the time allowed by law for him to prepare and present his statement of facts, but has used due diligence to have the same filed in time, and the judge, by a lack of diligence or otherwise, fails to file a statement of facts within the time prescribed by law, but files such a statement of facts afterwards, the appellant in such case shall not be deprived of his right of appeal, and the record shall be considered by the court as perfected, including the statement of facts so filed, and the same will not be stricken out, on motion of appellant, on the ground that it was filed after the ten days. This is as much a statement of facts binding upon the appellant as if it was an agreed statement of facts and approved by the judge, and the judge, on account of some unavoidable circumstance or otherwise, had failed to file the same within the time required by law.

The appellant also insists that the said statement of facts is not a correct statement of the facts, and has filed affidavits setting up the incorrectness of same in several particulars. There are but two ways that we are aware of for preparing a statement of facts. One is by the agreement of the parties, with the approval of the judge; and the other is by the disagreement of the parties, and then the preparation by the judge of a statement of facts himself and his approval thereof. In either case the approval of the judge imports absolute verity; and the statute makes no provision for the correction of such a statement of facts, by affidavit or otherwise. Much less does it authorize the attack of such statement of facts by ex parte affidavits. We will therefore consider the statement of facts as filed by the judge after the ten days as a part of the record in this cause. Appellant complains that the court committed an error in overruling his motion for a continuance. The ground of his motion was the absence of one Bud Wilson. Concede the diligence used for said witness to be complete, we fail to see how the absent testimony was material. He proposed to show that said Wilson had cattle running in the range in Jones County, in certain brands, which are set out and described. These brands were not at all similar to any of the brands found on the cattle in controversy. The proof on the part of the State tended to show, as an inculpatory fact against defendant, that the five head of cattle had certain brands on them which had recently been burned into a J brand originally on said cattle. The State's testimony shows the brands placed on said cattle were entirely different from those described in the motion for a continuance, nor is.

there any suggestion in the motion that the similarity was such that the one might have been taken for the other. The pertinency of this testimony is not made to appear. There was nothing in appellant's bill of exceptions taken to the testimony of certain State's witnesses, to the effect that the brands placed on the cattle were freshly placed on the same, and were burned into an original J brand. As explained by the court, these witnesses gave their reasons for testifying, and the said testimony was as to facts relative to said changed brands.

Defendant's third bill of exceptions raises an objection to testimony regarding another cow than either of the five charged in the indictment, branded 9-R. This bill shows the grounds of defendant's objection to the testimony regarding said cow to be as follows: "Because it was not charged that defendant stole said cow; and because it was not shown that defendant had said cow in his possession then or at any time; and because it was not shown that such cow was ever claimed by defendant; and because it was not shown that such cow, if stolen, was taken at the same time and place as the other cows; and because such cow was never shown to have been in the possession of the defendant." These are all grounds of objection urged by appellant to the introduction of this testimony, and not the certificate of the judge that such was the state of the case. It has been frequently held by this court that the statement of the grounds of objection by appellant is not tantamount to a certificate by the judge that the grounds stated were true, and that the testimony was offered under the circumstances indicated by the grounds. As to the fourth bill of exceptions, it was perfectly competent for the defendant, in his defense, to have shown, if he could, that Bud Wilson was the original taker of such property, and not himself. But the fact that an affidavit or a complaint had been made against said Wilson, and an appearance bond taken of said party, on an accusation for the theft of the said cattle, was no proof of this fact. If Bud Wilson had been a witness in this case against the defendant, it would have been entirely competent for the defendant to have impeached him, or to have discredited him with the jury, by showing that he was instrumental in procuring an indictment against the defendant for the theft of these cattle. As to the bill of sale, the bill of exceptions presents the matter in a somewhat confused state. It appears that, at the time defendant was arrested, he showed a bill of sale, under which he claimed title to some of the cattle, and this was received without objection. It appears, further, that a bill of sale was traced to the grand jury, and from there to the Clerk of the District Court of Jones County, and he was asked to be placed on the stand and sworn regarding said bill of sale. All the language in the bill of exceptions in regard to said bill of sale is as follows: "That when Sim Bingham came up to the pen with F. Sears, and when asked about the cattle claimed by Mr. Crawford he (defendant) exhibited a bill of sale, which was witnessed by a couple of parties." The bill of exceptions, in order to have been good upon this point, should have shown enough of the contents of said bill of sale to show that it

was relevant anu pertinent testimony in this case; in other words, that it referred to the cattle charged to have been stolen. If the bill of sale contained cattle of the same or similar brands, this could have been easily shown, but it was not done, nor is it made to appear by whom the bill of sale was executed, nor to whom it was made. In fact, we are left entirely in the dark as to the contents of the said bill of sale; and, in the shape in which the bill presents itself to us, we cannot tell that the bill of sale in question would have had any bearing upon this case. As to the defendant's sixth bill of exceptions, in which he complains of the failure of the court to charge certain phases of the case, we would state that there was no evidence of purchase in this case, outside of the explanation given by the defendant when he was arrested, and that explanation was given to the jury in appropriate terms by the court. We have disposed of all the exceptions urged by the appellant. We believe the testimony in this case amply sustains the verdict, and the judgment is affirmed.

*Affirmed.*