CATARINO HERRERA V. THE STATE.

No. 3484. Decided March 24, 1915.

Rehearing denied April 21, 1915.

**1.—Desertion—Bill of Exceptions—Statement of Facts.**

Under the statute and the decisions construing it, in County Court cases, twenty days is the limit in which statement of facts and bills of exception may be filed. Following Clark v. State, recently decided.

**2.—Same—Information—Complaint.**

Where the information was filed alleging that the county attorney presented to the court that on or about a previous date to said filing of said information, defendant deserted his wife, etc., the same charged an offense prior to the presentment of the information, and it was not necessary that the information should make mention of the complaint. Following Johnson v. State, 17 Texas Crim. App., 230.

**3.—Same—Information and Complaint—General Demurrer.**

A general demurrer that the complaint and information do not charge an offense against the law was correctly overruled, as the pleading was sufficient.

Appeal from the County Court of El Paso. Tried below before the Hon. Albert S. Eylar.

Appeal from a conviction of desertion of defendant's wife, etc.; penalty, a fine of $500 and one year imprisonment in the county jail.

Leaving out formal averments, the information and complaint charged that the defendant did then and there unlawfully, wilfully and without justification desert, neglect and refuse to provide for the support and maintenance of his wife, Mrs. C. Herrera, who is in destitute and necessitous circumstances, against the peace and dignity of the State.

*W. D. Howe,* for appellant.—On question of insufficiency of complaint and information: Kennedy v. State, 22 Texas Crim. App., 693; Tummins v. State, 18 id., 13; State v. Tandy, 41 Texas, 291.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted under the statute which punishes a husband for deserting his wife and refusing to provide for her support and maintenance.

Several questions are suggested by bills of exception and in motion for new trial, but these can not be considered because they were all filed beyond the time authorized by law. The court adjourned on the 30th day of November; the bills of exception and statement of facts were not filed until the 26th day of December. An order was allowed granting thirty days in which to file these papers. Under the statute, and the decisions construing it, in County Court cases twenty days is the limit in which the evidence and bills of exceptions may be filed. These matters, therefore, can not be revised. Under the recent case of Clark v. State we think the information is sufficient.

The judgment will therefore be affirmed.

*Affirmed.*

ON REHEARING.

April 21, 1915.

DAVIDSON, JUDGE.—At a former day the judgment herein was affirmed without reference to the merits of the case. The statement of facts and bills of exception were filed too late to be considered.

Appellant moves for a rehearing now upon the ground that, first, the information charges no offense against the law, and, second, if it charges any offense it wholly fails to charge the commission of an offense prior to the presentment of the information. We find that the complaint was filed the 28th of July, and alleges that theretofore, towit: the 27th of July, appellant deserted his wife, without justification, and neglected and refused to provide for her support and maintenance, and that she was in destitute and necessitous circumstances. The information filed August 4 alleges that the county attorney presented to the court that on or about the 27th day of July, 1914, and before the filing of this information, in said County of El Paso and State of Texas, appellant deserted his wife, etc. It is not necessary that the information should make mention of the complaint as was decided by this court in Johnson v. State, 17 Texas Crim. App., 230. The general demurrer that the complaint and information do not charge an offense against the law,

we think, is without any substantial merit. Such complaint and information have been heretofore treated as being sufficient to charge the offense.

The motion for rehearing will be overruled

*Overruled.*