RICHARD UTSLER v. THE STATE.

No. 4469. Decided May 9, 1917.

Rehearing denied June 13, 1917.

**1.—Abandonment of Minor Children—Information—Complaint.**

Where, upon trial of defendant for deserting his minor children and failing to support them, they being under necessitous circumstances, the complaint and information followed substantially the language of the statute, this was all that was necessary, and such pleading was sufficient. Following Hatch v. State, 76 Texas Crim. Rep., 423.

**2.—Same—Words and Phrases—Sufficiency of Information.**

Where the information alleged that defendant was the father of the four children named therein, and thereafter styled them the injured party, and that they were under the age of sixteen years, the same was sufficient.

**3.—Same—Name of Affiant—Complaint.**

Where the affidavit or complaint was signed by the affiant making the same, sworn to before the proper officer, and attested by a proper jurat, a motion to quash because the affiant's name was not given in the body of the complaint, was correctly overruled. Following Upton v. State, 33 Texas Crim. Rep., 231, and other cases.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of deserting his minor children and failing to support them, they being under necessitous circumstances, the evidence sustained the conviction, the same will be sustained.

**5.—Same—Continuance—Theory of Defense.**

Where defendant's application for a continuance alleged that the absent witnesses would testify that he in their presence and in the presence of his wife offered to take said children and provide for them, which she refused, there was no error in overruling the application, as neither the law nor justice

would excuse him for failure to support and maintain his minor children, even though his wife refused to surrender possession of them.

Appeal from the Criminal District Court No. 2 of Dallas. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of abandonment of minor children; penalty, one year confinement in the county jail and a fine of fifty dollars.

The opinion states the case.

*H. Reid Williams* and *W. W. Hagebush,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of complaint and affidavit: Snow v. State, 6 Texas Crim. App., 284; Funderburk v. State, 61 S. W. Rep., 393, and cases cited in opinion.

PRENDERGAST, Judge.—Appellant was convicted for deserting his minor children and failing to support them, they being under necessitous circumstances.

The complaint and information, which were both filed September 27, 1916, were in three counts. The first was for the desertion and failure to support his wife. The second alleges that on or about August 18, 1916, appellant "was the parent and father of Willie, Edward, Mary and Eugene Utsler, hereinafter styled injured party, and the said defendant did then and there unlawfully, wilfully and without justification desert, neglect and refuse to provide for the support and maintenance of said injured party, the said injured party then and there being under the age of sixteen years and in destitute and necessitous circumstances." It is unnecessary to recite the third count. The court by his charge expressly limited the jury to the consideration of the second count and alone submitted the issue thereunder.

Appellant moved to quash said second count on the ground that it failed to state which of said children was under the age of sixteen and which one was in destitute and necessitous circumstances.

The statute prescribing this offense is section 1 of the Act of April 2, 1913, page 188, which is: "That any husband who shall wilfully or without justification, desert, neglect or refuse to provide for the support and maintenance of his wife, who may be in destitute or necessitous circumstances, or any parent who shall wilfully or without justification, desert, neglect or refuse to provide for the support and maintenance of his or her child or children under the age of sixteen years in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor and on conviction thereof shall (be) punished by a fine of not less than twenty-five dollars and not more than five hundred dollars or by imprisonment in the county jail not more than one year, or by both such fine and imprisonment." Section 3 of that Act provides: "Proof of the desertion of such wife (or) child . . . in destitute or necessitous circumstances or of neglect or refusal to provide for the support and maintenance of such wife (or) child . . .

shall be prima facie evidence that such desertion, neglect or refusal is wilful." Section 6 prescribes that the Act shall be liberally construed.

Under this statute this court has held, in Herrera v. State, 175 S. W. Rep., 696, and Hatch v. State, 76 Texas Crim. Rep.; 423, 174 S. W. Rep., 1064, that a complaint and information following the language of the statute, as this does, was all that was necessary and that such pleading as in this instance was sufficient.

Article 23, P. C., prescribes that use of the singular number includes the plural, and the plural includes the singular; and words used in the masculine gender include the feminine also, unless by reasonable construction it appears that such was not the intention of the Legislature. The information alleges that appellant was the father of the four children named and that they are hereinafter styled the "injured party," which would, of course, under that allegation include the four children and each of them. As shown, it further alleged that they, the "injured party," were under the age of sixteen years. This allegation could not otherwise be construed than that each and all of them were under that age.

The complaint, or affidavit, begins: "Personally appeared before the undersigned authority this affiant, who after being duly sworn," etc. It is signed "Sam Mimms, Affiant," and properly sworn to before the proper officer and attested by a proper jurat. Appellant's motion to quash it because the affiant's name was not given in the body of the complaint was correctly overruled. Art. 269, C. C. P.; Upton v. State, 33 Texas Crim. Rep., 231; Malz v. State, 36 Texas Crim. Rep., 447; Singh v. State, 66 Texas Crim. Rep., 156, 146 S. W. Rep., 892.

The evidence was amply sufficient to show, and did show, that appellant and his wife were the parents of the four minor children named; Eugene was four, Mary eight, Edward eleven years of age and Willie sixteen (October 27, 1916); that appellant and his wife had separated about two years or longer before this prosecution was begun; that during all this time appellant was able to work, and did work, a good deal of the time, getting from $1.50 to $1.75 per day for his labor; that during all this time prior to this prosecution he never contributed a cent toward the support and maintenance of either of his said children and that they were in destitute and necessitous circumstances. His wife during all this time, when she was not sick or necessarily away upon the attendance of her mother, who died, undertook, and did all she could to provide for the support and maintenance of herself and her said four minor children by working at a laundry, for which she received only the sum of $6 per week, and a part of the time an additional $5 per week which their older son earned at work. That this was insufficient to support them. That the United Charities of Dallas, where they lived, from time to time provided her with food and raiment for their children. There was more or less crimination and recrimination by the wife and husband against one another. She claimed, and the evidence would justify the conclusion, that he quit her and took up and

lived with another woman and squandered his wages on that woman or otherwise. It is unnecessary to detail the testimony.

Appellant made a motion to continue the case when it was tried on January 19, 1917, on account of the absence of Mrs. Thompson and Mrs. Simon, who lived in the City of Dallas where the case was tried, alleging in his motion that they were sick when the sheriff served a subpoena on them. It is not shown by the motion or otherwise that they were sick when the case was tried so that they could not then attend, and no process was then issued for, or served upon them. The sheriff's return on the subpoena states that he served said witnesses and when he did "they were both sick." He alleged in his motion that they would testify that he in their presence and in the presence of his wife offered to take their children, give them a home and provide for their support and maintenance, which his wife refused to agree to. The court refused the motion on the ground that said testimony was not relevant and was immaterial to the issues in the case. We think the bill on this subject shows no reversible error. The fact, if so, that his wife refused to give up the custody of her young children would not relieve him from his legal and moral duty to support and maintain them when they were in destitute and necessitous circumstances.

Appellant has some bills complaining of the court's refusal to give two of his special charges. The charge given by the judge, together with quite a number of all those given by him which were specially requested by appellant were amply sufficient and covered every feature of every issue raised by the testimony and were even more favorable to appellant than the law and facts justified.

He has another bill which states that his wife, Mrs. Utsler, over his objections, testified that some time in October, she believed, appellant gave her $2 in money, and this was when he was up at the Labor Bureau, and agreed to pay her $2 per week, and that he gave her $4 in all for two weeks, and that another time he gave her $3. His objection in substance to this testimony was that it was inadmissible and showed a separate and distinct offense from that charged in the complaint, because it was a payment by him to her after the complaint and information were filed. His bill is very meager. It of itself would show no material error. Certainly the fact that he paid her money either for her support or that of his children after the complaint and information were filed would be in his favor and would not show, or tend to show, any offense against him committed after the prosecution was begun. Moreover, the same testimony was substantially given by their son Willie when he was on the stand, without any objection and appellant himself and some other of his witnesses testified not only to this in substance but to his claimed payment to his wife of $5.10 in January, 1917. This court through Judge Ramsey, in Wagner v. State, 53 Texas Crim. Rep., 306, said: "It is well settled in this State that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to," citing several

cases. This has been the uniform holding of this court in a large number of cases. Some of the later ones are: Tinker v. State, 77 Texas Crim. Rep., 506, 179 S. W. Rep., 573; Bailey v. State, 69 Texas Crim. Rep., 474; Christie v. State, 69 Texas Crim. Rep., 598. This bill shows no reversible error, and as none other appears in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 13, 1917.

PRENDERGAST, JUDGE.—The sole ground on which appellant seeks a rehearing and reversal is that he claims the court erred in not granting him a continuance, and he calls attention to the affidavits of the two witnesses attached to his amended motion for a new trial. In his motion for a continuance he stated these two witnesses would testify, that he in their presence and in the presence of his wife offered to take said children, give them a home and provide for their support and maintenance; and that she refused to live with him and refused to permit him to have the care, custody, control, support and maintenance of said children. Both these witnesses in their affidavits swear they were sick on the day of the trial and could not attend on that account.

Their affidavits are to the effect that they would have testified substantially as appellant alleged they would in his said motion.

As said in the original opinion, the trial judge overruled his motion for a continuance, holding that the evidence of said witnesses would not have been relevant and was immaterial to the issues in the case, and we so held in the original opinion. As stated therein, the testimony besides his own was ample to show, but his own, as well showed, that for the more than two years after the separation of himself and his wife he contributed practically nothing to the support and maintenance of his little children who were wholly dependent upon their parents for support; that they were from time to time during this period in destitute and necessitous circumstances; and they were then supplied with food and clothing by a charitable organization of Dallas; that their mother was able to make, and could and did make, only $6 per week for their support as well as her own; and that she did everything in her power to support and maintain them. Neither the law nor justice would excuse him for failure to support and maintain his little children, even though his wife would not surrender possession of them to either him or to some other women who were in no way shown to be related to her or the children. The youngest child was only about two years, the next six and the next nine when the husband and wife separated, and their condition continued until they were four, eight and eleven years old at the time of this trial. He is shown to have had no home of his own, but, as stated in the original opinion, was living illicitly with another woman. He could not make it a con-

dition precedent that his wife should surrender the possession of her little children to him or to any other woman before he would contribute to their support. It was his duty in morals and in law to support them while they were in their mother's custody. No court would take them away from her and give them to him or to another in their very tender years. They needed her care and custody.

We are still of the opinion that the court committed no reversible error in overruling his motion for a continuance nor his motion for a new trial based on that ground.

The motion for rehearing is overruled.

*Overruled.*