ment of the case upon the fact that appellant had the larger quantity of whisky in his grip, but it simply came out as part of the res gestæ of the transaction.

Appellant flatly denied making the sale. In this he was contradicted by Austin. Appellant denied going into the toilet or having the grip in there. In this he was contradicted by Coffee and Austin. Appellant asserted that when arrested he had a full gallon of whisky that he had bought in Corsicana the night before for himself and his mother-in-law. In this he was contradicted by Mr. Elliott, a white man, who testified that the gallon jar found in appellant's grip at the time of his arrest was two-thirds full of whisky. Appellant swore that the sheriff called him a G——d d——n liar at the jail, and hit him over the head with a black snake whip. In both statements he was directly contradicted by the sheriff.

The jury having refused to believe appellant when he denied the sale of the whisky, which was the direct issue in the case, it seems to me wholly improbable, in view of all the facts and the numerous contradictions of appellant, that his statement that he had the liquor for medicine for himself and his mother-in-law would have favorably affected the verdict. Notwithstanding they were apparently in Hill county, no doctor was offered as a witness; no mother-in-law was produced; no one of the number of witnesses from appellant's home town was asked if he knew that appellant or his mother-in-law was sick or afflicted in any way. I am unable to bring myself to believe that this court is called on to reverse this case upon the hypothesis that the naked word of this appellant on the collateral issue of whether he had the liquor for medicine or not would or might have favorably affected the verdict of guilty of a sale of the pint of liquor. The jury gave appellant the lowest penalty. I think the judgment should be affirmed. Being unable to agree to this reversal, I respectfully record my dissent.

------

**CAVANAR v. STATE.** (No. 9049.)

(Court of Criminal Appeals of Texas. Feb. 4, 1925. Rehearing Denied March 18, 1925.)

1. **Criminal law ☞1091(10)—Mere statement in bill that objection was on ground defendant was under arrest when he made statement to officer, insufficient.**

Mere statement in bill of exceptions that there was an objection made on ground that defendant was under arrest at time he made alleged statement to officer is not equivalent to specific statement that he was in fact under arrest.

2. **Criminal law ☞1144(12)—Ruling of court below presumed correct, in absence of showing in bill to contrary.**

Ruling of trial court on receipt or exclusion of evidence, when attacked on appeal, is presumed correct, in absence of showing in bill of exceptions to contrary.

3. **Criminal law ☞1141(1)—Presumption in favor of correctness of trial court's ruling not overcome by mere recital in bill of ground of objection.**

The presumption in favor of correctness of ruling of trial court is not overcome by mere recital in bill of grounds assigned for opposing ruling.

4. **Criminal law ☞519(3)—Statement in nature of confession by one under arrest not admissible on issue of insanity.**

A verbal statement in nature of a confession by one under arrest is not admissible on issue of insanity; but, if admissible at all, it is upon issue of guilt.

5. **Criminal law ☞1169(2) — Admission of statement by defendant to deputy sheriff held not reversible error where but repetition of testimony of another.**

Admission of testimony as to statement made by defendant to deputy sheriff, shortly after latter arrived at scene of homicide, was not reversible error, where it was but a repetition of testimony of another to which no objection was urged.

6. **Criminal law ☞1159(5)—Jury's finding on defense of insanity conclusive where evidence conflicting.**

Where insanity was set up as defense, and evidence was conflicting, solution of such issue by jury is conclusive.

7. **Criminal law ☞854(9)—Facts held not to show separation of jury.**

Where one of jurors went into toilet of courthouse while others went into courtroom and were followed shortly by first juror, *held*, that there was no separation.

On Motion for Rehearing.

8. **Criminal law ☞1091(2)—Bill of exceptions must show truth of matters stated as grounds of objection.**

The bill of exceptions by its own contents must manifest truth of matters stated as grounds of objection, and appellate court is not required to search through record to determine whether matters objected to were really objectionable.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

John W. Cavanar was convicted of murder, and he appeals. Affirmed.

Wallace W. Mason, of Mexia, and E. G. Lloyd, Jr., of Groesbeck, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

------

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MORROW, P. J. The offense is murder; punishment fixed at confinement in the penitentiary for life.

It seems that the appellant and his wife were in their house alone; that at some time between the evening of the 20th of April and the morning of the 21st of that month, the throat of the appellant's wife was cut and she was killed. The appellant's throat was cut and he was wounded. There was a razor found, and its condition, together with the appearance of the premises, indicated that the homicide had been committed with the razor in the house in which the deceased and appellant were found.

Two boys were the first to discover the condition of appellant and deceased. According to the testimony of one of them, he and a companion went to the home of the appellant and knocked on the door. Receiving no response, they looked in the window and saw the appellant and his wife lying on the floor. Appellant cursed the witness and told him to go away. The boys informed the witness Reese, father of the deceased, who went immediately to the premises and found his daughter and the appellant lying on the floor facing each other. The daughter was dead. The witness said to the appellant: "John, what did you do this for? What did you kill her for?" Appellant replied: "I was tired of living." The witness testified: "I thought he was dying then or would be dead in a few minutes." Popejoy, the sheriff, and Bradley, his deputy, arrived after a short time. Upon entering the premises, Popejoy found the deceased and appellant lying upon the floor. The appellant was wounded and blood was coming out of the windpipe as he breathed. There was a razor laying upon the floor near the appellant's feet with blood upon it. The witness noticed that the appellant opened his eyes, looked up, and was trying to speak.

Bradley testified that while appellant was lying on the floor, about 30 or 40 minutes after the witness reached the scene, and while the sheriff had gone for a truck, the appellant made a reply to a question propounded by Bradley, which question and answer were received in evidence. A bill of exceptions was reserved to the receipt of this testimony in which it is said:

"The said defendant, by counsel, objected to the introduction of said evidence at the time it was offered for the reason that same was a statement of the defendant confessing his guilt, made by him to an officer while he was under arrest and in the custody of said officer without the defendant being first duly warned that he did not have to make any statement and that any statement he made might be used in evidence against him on his trial for the offense for which he was under arrest."

The court, in charging the jury on the issues in the case, said that the testimony of Bradley could be considered alone in passing upon the question of sanity or insanity of the appellant at the time of the killing, and that it was limited to that purpose. It is to be noted that the bill does not affirmatively state that the appellant was under arrest at the time. From the bill it appears that Bradley, a deputy sheriff of Limestone county, was called as a witness and testified on behalf of the state as follows:

"John Cavanar made a statement to me while lying in the middle of the floor. I asked him why he did what he did, and he said, 'I wanted to go and wanted her to go with me.'"

The balance of the bill is quoted above.

[1] The rule is well established that the mere statement of the ground of objection does not supply the necessary requisites of a bill. See Branch's Ann. Tex. P. C. p. 134, § 209. In other words, in the present case, the mere statement in the bill that there was an objection made upon the ground that the appellant was under arrest at the time is not equivalent to a specific statement in the bill that the appellant was in fact under arrest.

The testimony of Bradley of which complaint is made, however, is substantially the same as that revealed by the witness Reese, which statement seems to have been made by the appellant before the officers arrived and before there was any question of arrest. According to his testimony, Reese rushed into the premises and, observing the conditions, asked the appellant why he killed the deceased and received the reply which the witness detailed, as above set out. If in this view we are correct, the rule of evidence, which ordinarily obviates the necessity of a reversal for the receipt of improper testimony when the same evidence from another source is before the jury without objection, would operate upon the testimony of Bradley. This question was under consideration in Wagner's Case, 53 Tex. Cr. R. 307, 109 S. W. 169, in which Judge Ramsey, writing the opinion, used this language:

"It is well settled in this state that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to. See Rogers v. State, 26 Texas Crim. App. 404; Walker v. State, 17 Texas Crim. App. 16; Johnson v. State, 26 S. W. Rep. 504; Stephens v. State, 26 S. W. Rep. 728; Logan v. State, 17 Texas Crim. App. 50; West v. State, 2 Texas Crim. App. 460, and Carlisle v. State, 37 Texas Crim. Rep. 108."

This principle has been applied in many subsequent cases. See Snow v. State, 91 Tex. Cr. R. 1, 237 S. W. 563, 20 A. L. R. 1180; Charles v. State, 85 Tex. Cr. R. 537, 213 S. W. 266; Davis v. State, 83 Tex. Cr. R. 546, 204 S. W. 652; Mason v. State, 79 Tex. Cr. R. 169, 183 S. W. 1153; Moore v. State, 81

Tex. Cr. R. 302, 194 S. W. 1112; Smith v. State, 81 Tex. Cr. R. 369, 195 S. W. 595; Utsler v. State, 81 Tex. Cr. R. 504, 195 S. W. 855; Goss v. State, 83 Tex. Cr. R. 353, 202 S. W. 956; Koontz v. State, 92 Tex. Cr. R. 17, 241 S. W. 161; Nichols v. State, 91 Tex. Cr. R. 277, 238 S. W. 234.

[2, 3] Touching the testimony of Bradley, however, it may be plausibly contended that its receipt in evidence would be justified under the rule of res gestæ. See Calloway v. State, 92 Tex. Cr. R. 508, also motion for rehearing, page 516, 244 S. W. 549. At all events, it may have been res gestæ, and the bill of exceptions does not show the contrary. The practice is that when a ruling of the trial court upon the receipt or exclusion of evidence is attacked upon appeal, the correctness of the ruling will be presumed in the absence of a showing in the bill of exceptions to the contrary. In Moore's Case, 7 Tex. App. 14, the principle is announced that the presumption in favor of the ruling is not overcome by a mere recital in the bill of the grounds assigned for opposing the ruling. This is emphasized in Douglas v. State, 58 Tex. Cr. R. 122, 124 S. W. 933, 137 Am. St. Rep. 930; Fuller v. State, 50 Tex. Cr. R. 14, 95 S. W. 541; Bigham v. State, 36 Tex. Cr. R. 453, 37 S. W. 753; Hamlin v. State, 39 Tex. Cr. R. 579, 47 S. W. 656; James v. State, 61 Tex. Cr. R. 232, 134 S. W. 699; Conger v. State, 63 Tex. Cr. R. 327, 140 S. W. 1112; Morgan v. State, 82 Tex. Cr. R. 615, 201 S. W. 654.

In Ford v. State, 40 Tex. Cr. R. 284, 50 S. W. 350, a murder case in which the death penalty was assessed, appellant offered his own declarations which were excluded upon the ground that they were not a part of the res gestæ. Appellant complained of the ruling. This court said:

"Of course, if these statements or declarations as presented in the bill of exceptions were res gestæ, the court committed an error in excluding the same. In our opinion, the bill should show all the circumstances which constitute the statement of appellant, under the circumstances, res gestæ; that is, the bill should show on its face that the court committed an error in excluding the testimony."

See, also, Brown v. State (Tex. Cr. App.) 44 S. W. 175; McNeal v. State (Tex. Cr. App.) 43 S. W. 792; Munger v. State, 57 Tex. Cr. R. 384, 122 S. W. 874; Kirkpatrick v. State, 57 Tex. Cr. R. 17, 121 S. W. 511; Vernon's Texas Crim. Stat. 1916, vol. 2, p. 542, note 29, subd. 4; Anderson v. State, 83 Tex. Cr. R. 276, 202 S. W. 953; Brown v. State, 83 Tex. Cr. R. 451, 203 S. W. 898; Branch's Ann. Tex. P. C. p. 134, § 209.

[4] If the appellant was under arrest, his verbal statement in the nature of a confession was not admissible upon the issue of insanity. Hurst v. State, 40 Tex. Cr. R. 378, 46 S. W. 635, 50 S. W. 719. If admissible at all, it was upon the issue of guilt, and its limitation by the charge of the court was unnecessary but favorable to the appellant.

[5] For the reason stated above, we have concluded that the record fails to show that there was error in receiving the testimony of Bradley, and that even if it appeared improperly received, it being but a repetition of the testimony of Reese against which no objection was urged nor tenable, the receipt of Bradley's testimony would not warrant a reversal of the judgment.

[6] Insanity was the defensive theory. Upon this subject the evidence was conflicting. The solution of that issue by the jury is conclusive upon this court.

[7] A separation of the jury is set up in the motion for new trial, but the facts developed do not, in our judgment, sustain the contention. One of the jurors went into the toilet of the courthouse and the other jurors went upstairs into the courtroom. He followed them shortly, and in our opinion the transaction comes within the purview of the law as stated in Bayer v. State, 96 Tex. Cr. R. 310, 257 S. W. 242; Wood v. State, 84 Tex. Cr. R. 187, 206 S. W. 349; Watson v. State, 82 Tex. Cr. R. 305, 199 S. W. 1113; and other cases referred to in these mentioned.

No bills of exception save those that have been mentioned are found in the record.

The judgment is affirmed.

On Motion for Rehearing.

LATTIMORE, J. Appellant files a motion for rehearing, citing many authorities and showing care and effort in the preparation and presentation of the questions raised. A review of the record discloses but two bills of exceptions were taken, one of which complains of an alleged separation of the jury, and the other, of the admission of the testimony of Jack Bradley, a deputy sheriff, who was permitted to make the statement set out in the original opinion. Alleged error in failing to sustain the second bill of exceptions is argued at length in the motion.

[8] We are compelled to take the record as it is made in the trial court, and with reference to this matter, after stating the objectionable testimony in said bill, same sets out the objection made by appellant, which is also quoted in the original opinion, viz.: That appellant objected to the admission of the statement because made to an officer while under arrest and without warning. How is this court to know that appellant believed himself to be under arrest? How is this court to know that the officer had disclosed his official capacity, or that same was known to appellant? These matters, being stated in the bill merely as grounds of the objection, do not prove them-

selves. We have no better settled principle of practice than that the bill by its own contents and terms must manifest the truth of the matters stated as grounds of objection, and many authorities affirm the proposition that this court cannot be compelled to search through the statement of facts and other parts of the record in order to find out whether matters objected to were really objectionable. The bill before us, after stating the objections made, proceeds to set forth that the court overruled the objections and admitted the testimony to which the defendant excepted. This is not enough.

We regret that we cannot vary the rules established. A review of the many authorities cited by counsel in his able brief would be interesting as probably explaining what he thinks to be utterances of the court in line with his contention; but we are compelled to content ourselves with saying that we do not think same show the conclusion reached by us and announced in the opinion to be incorrect.

The motion for rehearing will be overruled.