LUTHER MORONEY v. THE STATE.

No. 19187.   Delivered November 24, 1937.
Rehearing Denied February 2, 1938.

The opinion states the case.

*Currie McCutcheon, Bruce Graham,* and *Baskett & Parks,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of an assault with intent to commit rape, and his punishment was assessed at confinement in the state penitentiary for a term of 99 years.

The testimony of prosecutrix is, in substance, as follows:

On the night of August 6, 1936, after she had returned from the Centennial grounds, she retired for the night and while sleeping, someone entered her bedroom, and by force and threats sought to have intercourse with her. The officers, after being notified, immediately went to the home of the prosecutrix,

obtained a description of the culprit, and within less than an hour after the related occurrence, arrested the appellant in the vicinity of where the offense was committed. Prosecutrix described the party who assaulted her as a young negro, with hair on the fore part of his head standing straight up, well-built and wearing a yellow polo shirt. Appellant's general appearance met the description. Later when she was called upon to identify him, she heard him talk and recognized him by his voice.

Appellant made a written confession, which in substance, coincided with the testimony given by prosecutrix. At his trial he interposed two defenses, to-wit: Alibi and insanity. He testified in his own behalf, repudiated the confession, and asserted that he was innocent of the charge.

Bill of exception number one recites that after one of the witnesses, Taylor, had testified that he was present when the written confession was read over to appellant, he, appellant, was asked if it were correct and replied that it was; that witness was then permitted to testify and express his opinion as to appellant's mental condition. Appellant objected on the ground that the witness was not an expert on mental disease, and had not had sufficient opportunity for observation of appellant. The court qualified said bill; his qualification shows that he sustained appellant's objection and declined to permit the witness to express an opinion as to whether the appellant was sane or insane. The bill as thus qualified, fails to reflect any error.

By bill of exception number two, appellant complains because Hugh Harston, who was connected with the identification bureau and who fingerprinted and photographed appellant, saw him sign his name and conversed with and observed him, was permitted to testify that he did nothing unusual; that he acted normally. Appellant objected for the same reason as stated in bill number one.

The rule seems to be well settled in this State that a non-expert witness who has shown that he had reasonable opportunity to talk with and observe the acts and conduct of the party inquired about, may state that he did nothing unusual, and that his actions were normal. Where the witness bases his testimony on personal conversation with, and observations of the accused, the matter of permitting the witness to express his opinion as to the sanity or insanity of the accused rests largely within the discretion of the trial court, and this court will not interfere unless an abuse of such discretion is shown. See Langhorn v. State, 105 Texas Crim. Rep., 470 (289 S. W., 57);

Shields v. State, 283 S. W., 844; McKee v. State, 42 S. W. (2d) 77.

Bills of exception numbers three and four complain of the action of the trial court in permitting the jailer, who for sixty days had observed and talked with appellant, and the deputy sheriff who, during the trial, daily took appellant to and from the jail to the court house, and talked with and observed him, to state that in their opinion, he was sane. We see no error in the court's ruling.

Bill of exception number five recites that D. L. Jones, a city detective, was permitted to testify that he was assigned to the case for investigation purposes; that he talked to appellant, who told him that he wanted to tell the truth about it, and proceeded to make a voluntary confession, which was offered as evidence. Appellant objects to the part of the statement that he "wanted to tell the truth about it," on the ground that he was under arrest at the time and said statement was no part of the written confession, or part of the res gestae. The oral statements by appellant that he wanted to tell the truth about it, does not come within the meaning of a voluntary confession as commonly understood. The statement objected to can not be regarded as inculpatory in itself, in that it fails to contain any incriminative facts or any fact from which a conclusion of guilt could logically be drawn. Therefore, the same could not have affected him prejudicially.

Bill of exception number six is qualified by the trial court. In its qualification, the court states that he sustained appellant's objection to the question propounded by the district attorney and instructed the jury not to consider it. As thus qualified the bill fails to reflect any error.

The objection to the court's charge complaining of the court's definition of the term "rape" is qualified by the court, and as thus qualified, fails to show any error.

Bill of exception complaining of the court's action in declining to submit appellant's requested special charge number six, was not error. The court in his main charge, adequately instructed the jury with reference to the matter contained in the requested special charge.

Bill of exception number seven reflects the following occurrence. The defendant proved by Dr. Flowers that a few years prior to the commission of the alleged offense, he had appellant in his institution and treated him for quite a while; that he talked to him and observed him, and reached the conclusion that he was an imbecile and did not know right from wrong.

The State, on cross-examination, asked the doctor what he treated him for—to which he replied: "For a rectal disease and some bladder trouble;" that he, the doctor, did not know what kind of an infection it was, but it was running. The doctor also stated that when a patient was suffering pain in that region, he sometimes did strange things.

Appellant objected on the ground that it was an insinuation that he was suffering from a venereal disease; that the same was not an issue in the case and had not been brought out by appellant; that it was highly prejudicial, inflammatory and prejudiced the jury against him.

Appellant offered Dr. Flowers as a witness and proved by him that he treated him at his, the doctor's institution; that during said time he talked with and observed appellant; that from his acts and conduct, he reached the conclusion that appellant was an imbecile and did not know right from wrong.

The State, on cross-examination, had a legal right to inquire into and ascertain what the doctor treated him for, whether a mental or physical ailment, and to show that a person suffering from a disease of the same nature as that with which appellant was affected, would suffer acute pain and do strange things, and that the strange acts by appellant were due to gonorrhea and not to an abnormal or diseased mind. We think it was within the realm of legitimate cross-examination.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant questions the disposition of the point raised by his bill of exception number two. We have again examined the bill, and also the evidence of the witness Harston. He was working in the identification bureau, and it was his business to finger print and photograph prisoners. He was engaged in said work with appellant for about an hour during which time witness talked to appellant. Witness' evidence was that appellant "acted normal just like any other person does we have in there to make a record of. In other words, there was nothing unusual * * * He appeared to be a person of sound mind." We gather from the

statement of facts that witness may have been asked by the district attorney if in the opinion of the witness appellant knew right from wrong. We doubt if the witness' opportunities of observation of appellant had been such as to qualify him to answer that question, and the witness himself seemed to sense that such was the case because he went no further than to say in connection with the question that appellant acted normally, and that there was nothing unusual about him. If there was vice in the question the witness appears to have saved it by his answer.

Appellant directs a critcism at the disposition of the question raised by his bill of exception number seven. In the original opinion that bill was discussed on page three, and again on page four. We think the bill properly disposed of in the treatment of it on page four of the opinion, and it was intended to eliminate that part of the opinion regarding the bill as contained on page three but by oversight it was not stricken out. The original opinion is withdrawn and that part of it against which the criticism is directed in appellant's motion has been eliminated and the opinion as corrected substituted as the original opinion in the case.

Believing the case was properly decided, appellant's motion for rehearing is overruled.

*Overruled.*