RAYMOND LONG v. THE STATE.

No. 4713. Decided November 28, 1917.

1.—Burglary—Sufficiency of the Evidence.

Where, upon trial of burglary, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

2.—Same—Continuance—Insanity—Want of Diligence.

Where, upon trial of burglary, the defendant claimed insanity at the time of the commission of the offense, but the application for continuance for absence of witnesses showed no diligence, there was no error in overruling the same.

3.—Same—Evidence—Insanity.—Bill of Exceptions.

Where, upon trial of burglary, defendant claimed insanity, the State admitted testimony with reference to such question, to which the defendant ob-

jected, but the bill of exceptions did not show such testimony, there was no reversible error.

#### 4.—Same—Evidence—Opinion of Witness—Insanity.

Where, upon trial of burglary, the defendant claimed insanity at the time of the commission of the offense, produced by the recent use of morphine, etc., there was no error in admitting testimony of the opinion of witnesses that defendant was not insane, the record showing that they were qualified to do so; besides, the bill of exceptions was defective. Following Brice v. State, 72 Texas Crim. Rep., 221, and other cases.

#### 5.—Same—Rule Stated—Opinion Testimony.

The rule is that a witness must have some special practical knowledge of the subject in order to enable the court to determine his competency, and the determination of this question is largely in the discretion of the trial court to permit the witness as qualified to give his opinion. Following Holder v. State, 194 S. W. Rep., 164.

#### 6.—Same—Evidence—Bill of Exceptions.

In the absence of sufficient bill of exceptions, the objections to the testimony can not be reviewed on appeal.

#### 7.—Same—Argument of Counsel.

Where, upon trial of burglary, defendant objected to argument of State's counsel, but the recorde showed that the same was in reply to and caused by defendant's attorneys in discussing the subject, there was no reversible error.

#### 8.—Same—Witness—Practice in the District Court.

Where defendant objected to the testimony of the witness because he had previously testified differently, there was no error in overruling his objections, as this would be a matter of comment before the jury.

Appeal from the District Court of Tarrant; tried below before the Hon. Bruce Young.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McLean, Scott & McLean* and *Hart & Patterson,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of continuance: Stacey v. State, 77 Texas Crim. Rep., 52, 177 S. W. Rep., 114.

On question of expert testimony: Watson v. State, 32 Texas Crim. Rep., 80; Duke v. State, 61 id., 441; Burt v. State, 38 id., 397, and cases cited in the opinion.

PRENDERGAST, JUDGE.—Appellant was convicted of burglary and assessed the lowest punishment.

The undisputed testimony undoubtedly showed that he burglarized a drug store at the time and place alleged in the indictment. It is unnecessary to state the testimony on this point.

His defense was that he was insane at the time he committed the

burglary, or, as otherwise stated, that at the time he was laboring under such defects of reason from disease of the mind produced by the recent use of morphine, cocaine, bromidia, or some other drug or narcotic, that he did not know the nature and quality of the act he was doing, or if he did know he did not know he was doing wrong. The court correctly submitted this issue to the jury for a finding in a charge which is in no way complained of, and he told the jury that if his mental condition was such as described to acquit him.

He was alleged to have committed the burglary on October 2, 1916. He was caught in the house at the time and arrested and imprisoned. The grand jury indicted him on October 11th. He must at once have been arrested if he was not in custody when indicted. This case was not tried until May 21, 1917. He sued out no process for any witnesses until May 11th, which was returned by the sheriff on May 20th, showing that the two witnesses, May Tyson and Raymond Ramsey, were not found. The evidence shows that diligent search was made for these witnesses but they could not be found and were absent out of the county, and maybe out of the State—and there was no showing that they could ever be had. No reason whatever is stated why process for these two witnesses was not issued long before it was. Doubtless if it had been they could have been subpoenaed and required to attend. Therefore the court did not err in overruling his motion for a continuance on the ground of the absence of these two witnesses.

Mr Anderson, the owner of the drug store burglarized, testified. The bill avers: "The said witness, in answer to questions propounded him by counsel for the State, testified that in his opinion as a pharmacist, and from his observation of habitual users of narcotics, the defendant, at the time he was arrested in witness' store, was not under the influence of any character of narcotic to the extent that he did not know right from wrong." His sole objections were because: "Said question called for a conclusion, and that the witness had not been shown to be qualified to answer it." What questions were asked the witness are neither shown by the bill nor otherwise. Neither does the bill in any way show what testimony the witness gave which qualified him or failed to qualify him to testify as he did. His objections were mere objections, and not approved by the court as facts.

By another bill it is shown as follows: "While the witnesses Bob Thompson and John Chapman were on the witness stand they each testified in answer to questions propounded to each of them by counsel for the State, that in their opinion the defendant was not insane at the time he was arrested in this case." That this was admitted over his objection, "because the witnesses had neither shown themselves to be qualified to testify regarding this condition of the defendant's mind," and other objections. The court qualified the bill by stating: "That each of said witnesses testified that (he) had known defendant intimately for twelve or fifteen years, and further, that each had come

in contact frequently and arrested and handled persons insane and also those under the influence of narcotics, and guided by such facts they testified that in their opinion defendant at the time they arrested him, immediately after the commission of the offense, he was not insane and that he then knew right from wrong." It will thus be seen that appellant's objection was a mere objection, not approved as a fact by the judge. This testimony, under the circumstances, was admissible. Jordon v. State, 65 Texas Crim. Rep., 187; Burt v. State, 38 Texas Crim. Rep., 397; Kirby v. State, 68 Texas Crim. Rep., 73; Brice v. State, 72 Texas Crim. Rep., 221.

As to the action of the court in permitting all of said witnesses to testify as they did, and what is shown by these bills, what was said by Judge Morrow in the recent case of Holder v. State, 194 S. W. Rep., 164, is applicable and is here quoted: "On the question of the complaint that the witness did not show himself qualified to give the testimony the rule is that a witness must have some special practical knowledge of the subject in order to enable the court to determine his competency, and the determination of this question is largely in the discretion of the trial court. Wharton's Crim. Ev., secs. 408, 409, and cases cited in notes. 1 Wigmore on Ev., sec. 561, in treating the subject says: 'In most jurisdictions it is repeatedly declared that the decision upon the exceptional qualification of witnesses should be left to the determination of the trial court,' with the conclusion that it is only in cases where this judicial discretion has been abused that the trial court's decision will be disturbed. In Bratt v. State, 38 Texas Crim. Rep., 123, 41 S. W. Rep., 622, the rule as approved by this court is stated as follows: 'As a general proposition, the qualification of a witness to testify as an expert is a question for the trial court, whose decision is not generally reviewable on appeal.' The question was discussed by this court in the case of Dane v. State, 36 Texas Crim. Rep., 84, 35 S. W. Rep., 661, where the court says: 'It is hard to lay down any rule as to who may or may not be qualified to testify as an expert. . . . But it would appear that, where a person shows himself totally disqualified as an expert to give an opinion upon a matter, his testimony should be excluded.' In view of these authorities, we can not say the court committed error in permitting the witness to give the testimony complained of."

And he further stated in the same case in passing on the sufficiency of the bill when such objections were made as in this instance: "The question by the conditions and facts stated in the court's explanation to the bill, and tested by these, under the authorities cited above holding that the court's ruling upon the qualification of an expert witness will only be reviewed when it appears that his discretion has been abused, we must hold that the bill shows no error."

Appellant has another bill wherein he claims that while the witness Dr. Fyke was on the stand testifying in his behalf he was asked by the State's counsel on cross-examination: "How many times he, wit-

ness, had been charged in the courts of this county with. unlawfully and fraudulently prescribing narcotics," to which question and the answer, to the effect that he had been so charged about ten times, he objected on the ground that there was better evidenc of it than the questions asked, the documents themselves charging the offense, and that the same were not offenses involving moral turpitude, and that if there was such a case he had been duly acquitted. This is the substance in full of the bill. It will be seen that the bill is wholly insufficient to show any reversible error. It in no way discloses what the testimony of the witness was so that it could be told that by asking the question and requiring an answer, any injury whatever occurred to appellant; nor that the question asked and the answer given were not proper cross-examination of him from what he had testified on direct examination. In another bill it is shown that appellant's attorney in arguing before the jury went out of the record to say that Dr. Fyke had not been convicted, and the State's attorney thereupon defied appellant to produce the court docket. The bill shows that the county attorney's remarks were in reply to, and caused by, appellant's attorney's discussion on the subject. Where this is the case this court has uniformly held that appellant had no just ground of complaint. 1 Branch's Ann. P. C., sec. 363, citing a large number of cases in point.

The only other bill is of some of the testimony of the State's witness Dr. J. H. McLean. It is unnecessary, we think, to state this bill fully. It seems the ground of appellant's objection to the testimony of this witness was that the witness had previously testified differently, as he claimed, from the testimony he now objected to. This would be no ground of objection to the testimony of the witness but would be a matter of comment before the jury as to the difference, if there was any, in the witness' testimony.

The judgment is affirmed.

*Affirmed.*