## J. D. STRICKLAND V. THE STATE.

No. 9307.   Delivered June 17, 1925.

Rehearing Denied, October 21, 1925.

### 1.—Keeping Premises to Manufacture Intoxicating Liquor—Bill of Exception—When Incomplete—Not Considered.

Where bills of exception are not prepared in compliance with our statute, and the decisions of this court, they will not be considered.  Where a bill complains of the admission of statements made by the accused while under arrest, it is incumbent on appellant to show, in his bill, that the testimony objected to, does not come within any of the exceptions contained in the statute permitting such evidence.

### 2.—Same—Charge of Court—Submitting two Counts—Held Proper.

Where on a trial for keeping premises for the purpose of manufacturing intoxicating liquor, there being two counts in the indictment, and evidence having been introduced sustaining both counts, it was proper practice to submit both counts to the jury, and instruct them that a conviction could be had only on one count.

#### ON REHEARING.

### 3.—Same—Bill of Exceptions—Practice.

Where a bill of exception complains of the asking of a question, in order to be sufficient, it must not only state that the questions were answered, but must go further, and state what answers were given.  This rule has been followed for many years by this court, and a bill of exception which does not set out what answers were given, presents no matter for review.

### 4.—Same—Evidence Held Sufficient.

Where the evidence disclosed that upon the occasion of a raid on appellant's premises the officers found in the kitchen what they declared to be a complete apparatus for making intoxicating liquor, and said the boiler was hot, and the liquor was dripping, and no one about the house except the appellant and his wife.  Under this state of evidence, we would hardly be justified in reversing the case because of insufficient testimony, and the motion for a rehearing is overruled.

Appeal from the Criminal District court of Travis County.   Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for keeping premises for the purpose of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Dickens & Dickens*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Travis County for the offense of keeping premises for the purpose of manufacturing liquor capable of producing intoxication, and his punishment assessed at confinement in the penitentiary for a term of one year.

The bills of exception in this case, are so qualified by the trial judge as to show no error. In addition to this, however, we may state that we have carefully considered the bills and have reached the conclusion that without the court's qualification there is nothing containing therein that would warrant this court in reversing the case. As illustrative, we refer to bill number one which complains of the court's action in asking the witness Fowler certain questions over the objection of the defendant. This bill fails to show that the witness answered the questions or what his answers thereto were.

Bill No. 2, complains because the witness Fowler was permitted to state that the defendant told the peace officers that they could go ahead and search the place. There are no facts set out in this bill that would indicate that this testimony could have in any wise been harmful to the appellant. The mere statement that the appellant gave his permission to search the premises in the absence of a showing by the bill to the contrary might indicate that the appellant had no guilty knowledge of the premises being used for an unlawful purpose.

What has just been said with reference to bill number two, also applies to bill number three. The rule generally, is that statements made by a party under arrest are not admissible, but there are some well known exceptions to this rule, and it is incumbent upon a party seeking to invoke this rule to show that the testimony objected to does not come within any of the exceptions, and this bill fails to in any manner comply with this requirement.

Bill of exception No. 4, complains at the court's failure to instruct a verdict of not guilty. We think this instruction was properly refused.

Bill No. 5, complains at the court's action in refusing to require the State to elect on which count it would proceed after the State had closed its testimony and before the defendant had offered any evidence. In qualifying this bill, the court states that the evidence introduced by the State, in the judgment of the court, sustained both counts in the indictment, and that under the laws of Texas, and the testimony offered in the case, the State was entitled, if it desired, to have both counts submitted to the jury in an appropriate charge. We think the court's ruling in the matter was not reversible error, for while it is true that an appellant can only be convicted in a felony case on one count, it is nevertheless true that the court can submit to the jury, if the evidence justifies it,

more than one count, and his rights were fully protected as the jury was properly instructed that a conviction could be had only on one count. This was the procedure followed in this case and we think there was no reversible error shown in the matter.

In our opinion, the facts are sufficient to support the verdict and there being no error in the record, the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The rules of practice in this State seem to require that a bill of exceptions complaining of the asking of a question or questions, in order to be sufficient, must not only state that the questions were answered, but must go further and state what answers were given. A bill of exceptions not showing what the answers were would be insufficient.

Further complaint is made of the fact that the evidence in this case was not sufficient to justify conviction. The State's testimony showed that upon the occasion of a raid on appellant's premises the officers found in the kitchen what they declared to be a complete apparatus for manufacturing intoxicating liquor, and they said that the boiler was hot and the liquor was dripping. There was no one at or about the house except appellant and his wife. This being the condition of the record, we think the jury justified in accepting the testimony of the State witnesses, and the motion for rehearing will be overruled.

*Overruled.*