## EWELL SHIELDS V. THE STATE.

No. 8911.    Delivered May 5, 1926.

**1.—Theft—Insanity as Defense—Non-Expert Witnesses.**

Where on a trial for theft of an automobile the defense being insanity, there was no error in permitting the officer, Davis, to testify in detail the way appellant acted when in the presence of the jury, such as drooping his shoulders, hiding his face in his hands, rolling his eyes, etc., and to further state that when not in the presence of the jury appellant acted all right.    Following Burt v. State, 38 Texas Crim. Rep., 397.

**2.—Same—Insanity—Non-Expert Evidence—Rule Stated.**

The rule is well settled in this state that a non-expert witness who has shown reasonable opportunity to observe the acts and conduct of the party inquired of, may state that he has never observed anything in the acts, speech, demeanor or conduct of such party which were peculiar, or which lead witness to believe or conclude that such party was of unsound mind, or abnormal.    Following Turner v. State, 61 Texas Crim. Rep., 97, and other cases cited.

**3.—Same—Continued—Bill of Exception.**

Where non-expert witnesses are permitted to go further, and state that in their opinion, based on their knowledge and opportunities for observation, the appellant was of sound mind, objections to the qualification of such witnesses, directed to their testimony as a whole would not be tenable if a part of same was clearly admissible. A bill of exception is too general if it includes a number of statements, some of which are admissible, and nothing in the objection made, directly singles out a particular part of the testimony which might be improper.    See Ortiz v. State, 68 Texas Crim. Rep., 526, and other cases cited.

**4.—Same—Insanity—Non-Expert Testimony — Predicate for its Admission—Rule Stated.**

It being manifestly impossible for this court to lay down any hard and fast rule as to the exact amount and extent of the predicate which should precede the testimony of a non-expert witness, offered to prove the sanity of an accused, we will not hold such testimony incompetent in a given case unless there appears to have been so little knowledge, opportunity, etc., shown to form a conclusion upon, in the regard mentioned, as would manifest an abuse of the discretion of the court.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robinson, Judge of said Court.

Appeal from a conviction for theft of an automobile, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson, State's* Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction in Criminal District Court of Dallas County of theft of property of the value of more 'han fifty dollars, punishment two years in the penitentiary.

There was ample evidence to support the conviction of appellant of theft of an automobile. It was unquestionably stolen and turned up in his hands a few days after its loss. He sold the car, giving an assumed name. The defense was insanity. By four bills of exception complaint is made of the admission of the testimony of non-expert witnesses. The bill relative to the testimony of Officer Davis will not be further discussed than to say we deem it permissible for him to detail the way appellant acted when in the presence of the jury, such as drooping his shoulders, hiding his face in his hands, rolling his eyes, etc., and to further state that when not in the presence of the jury appellant acted all right. Burt v. State, 38 Texas Crim. Rep., 397. No specific objection was addressed to the testimony because of the use of the expression "all right"; the witness was not undertaking to say appellant was of sound or unsound mind, but merely that he acted differently when in the presence of the jury and when out of such presence.

The objection to the testimony of the other three non-expert witnesses was substantially the same. Each of the three testified to various opportunities for observation of appellant, conversations with him and more or less extended acquaintance with him. We entertain no doubt of the admissibility of the testimony of witness Pack, who expressed no affirmative opinion as to the soundness of appellant's mind, merely saying that he had never observed anything in conversations with or in the conduct or appearance of appellant which led him to believe him of unsound mind. Witnesses Hanson and Blanton, after stating their association with and opportunities for observing appellant and their extended acquaintance with him, and after saying that they had never heard him say or saw him do anything which led them to believe him of unsound mind, further expressed it as their opinions that he was of sound mind. Referring particularly to witness Hanson, we note that he gave testimony that he had known appellant a year and a half, had been with him at least twenty-five times, had had conversations with him out near his home where appellant visited, also around the Southland Hotel, and at the city hall, and had extended conversations with him

about stolen automobiles, etc. Upon this predicate Hanson was allowed to testify as follows:

"I never heard him say anything that would lead me to believe he was of unsound mind; I never saw anything in his conduct, his appearance that led me to believe he was of unsound mind. He always seemed normal to me. From my observation of him and conversations with him, in my opinion, he is of sound mind. I have seen him a sufficient number of times to believe he is of sound mind."

Blanton showed equal or greater familiarity and opportunities for observing the demeanor, acts and conduct of appellant than did Hanson and gave substantially the same testimony. To this testimony appellant made a blanket objection to the effect that the witnesses were non-experts—that no sufficient predicate had been laid because the witnesses did not go into details of the conversations had, nor had they detailed the acts and conduct and appearance of appellant so as to enable the jury to pass upon the accuracy of their conclusions.

The rule seems well settled in this state that a non-expert witness who has shown reasonable opportunity to observe the acts and conduct of the party inquired of, may state that he has never observed anything in the acts, speech, demeanor or conduct of such party which were peculiar or which led witness to believe or conclude such party of unsound mind or abnormal. Turner v. State, 61 Texas Crim. Rep., 97; Richards v. State, 159 S. W. Rep., 40; Plummer v. State, 86 Texas Crim. Rep., 494; Long v. State, 82 Texas Crim. Rep., 312; Gardener v. State, 90 Texas Crim. Rep., 341; Kellum v. State, 91 Texas Crim. Rep., 272. We are fully satisfied that both Hanson and Blanton showed themselves to have had sufficient opportunity to observe the speech, language and conduct of appellant to enable them to state as above indicated, so that the objections, in so far as they related to that part of the testimony of said witnesses, were certainly not well founded. Said witnesses were permitted to go further and state that in their opinions, based on their knowledge and opportunities for observation, appellant was of sound mind. The objection being to the quoted testimony of said witnesses as a whole or in solido, a part of it being clearly admissible, the objection would not be tenable. In Ortiz v. State, 68 Texas Crim. Rep., 526, Judge Davidson, on the authority of Payton v. State, 35 Texas Crim. Rep., 508; Tubb v. State, 55 Texas Crim. Rep., 606; Cabral v. State, 57 Texas Crim. Rep., 304, and cases cited in Sec. 47, Branch's Crim. Law., lays down

the rule that a bill of exceptions is too general for consideration if it includes a number of statements some of which are clearly admissible and nothing in the objection made directly singles out the particular part of the statement which might otherwise be objectionable.

In this connection, however, we may say that it being manifestly impossible for this court to lay down any hard and fast rule as to the exact amount and extent of the predicate which should precede the testimony of a non-expert witness offered to prove the sanity of the accused, we will not hold such testimony incompetent in a given case unless there appears to have been so little knowledge, opportunity, etc., shown to form a conclusion in the regard mentioned, as would manifest an abuse of the discretion of the trial judge. We might further say that the natural, usual and ordinary are not calculated to, and most frequently do not excite attention, while the unnatural, unusual and extraordinary do excite such attention; and it would seem reasonable that a witness called to testify to the sanity of a party who is defending against a criminal charge on the ground of insanity, when such witness had had frequently and during a long period of time met and conversed with, and observed the ordinary demeanor and conduct of the accused, even though he might not be able to recall details of a single conversation, or select any particular act or look which had fixed itself in his memory, still such witness ought not to be barred from saying that he has observed nothing in the speech, acts or conduct of such party as to indicate to him or created in his mind a doubt of his sanity or a belief that he was abnormal. Thomas v. State. 98 Texas Crim. Rep., 428. We further observe that we are unable to draw the fine distinction between the weight, effect and admissibility of a statement by one who shows himself to have seen, associated and been with another enough to enable the witness to say that he has never seen or heard anything in the words, looks or acts of such other to indicate that he is of unsound mind or abnormal, on the one hand, and the same statement in other words, viz: that from the length of such association and opportunity for such observation, even though he cannot remember details, he is of opinion that the party is of sound mind. In the instant case we think the witnesses qualified beyond doubt to express their opinions that they had never seen anything in the conduct of appellant to indicate that he was of unsound mind, and to say that in their opinion he was of sound mind. The bill shows no error.

There are three bills of exception complaining of the refusal of special charges, none of which are deemed of sufficient merit to call for discussion, and in the refusal of none of which do we find any error on the part of the trial court.

The judgment will be affirmed.

*Affirmed.*