**UPTON v. STATE.  (No. 12450.)**

Court of Criminal Appeals of Texas.  June 12, 1929.

Rehearing Denied Oct. 16, 1929.

W. B. Moss, of Sinton, and W. C. Linden, of San Antonio, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is murder; the punishment, confinement in the penitentiary for 20 years.

The homicide occurred at the home of appellant. The wife of appellant was the sister of deceased, Alec West. Shortly before the homicide, appellant and his family visited in the home of deceased; the occasion being the celebration of the birthday anniversary of deceased. Appellant asked deceased to take him and his family home. Deceased complied with the request. Upon reaching home, appellant shot and killed deceased. The son of appellant testified that deceased was attacking his father, and that in resisting the assault appellant shot deceased. The state proved antecedent threats on the part of appellant to kill deceased. Connected with these threats it was shown that appellant had had a quarrel with his mother-in-law and deceased over the removal of a fence. Appellant prosecuted them for removing the fence. They were acquitted. State's witnesses testified that appellant said that he intended to kill deceased when deceased reached the age of 21. Deceased was 16 years of age at the time of his prosecution for removing the fence, and 23 years of age at the time he was killed.

The defensive issue submitted was self-defense. A charge covering the law of insanity was also submitted.

Bill of exception No. 1 was reserved to the receipt of the testimony of the sheriff to the effect that appellant stated to him, at the time he surrendered, that he had shot deceased. It is recited in the bill as a ground of objection that appellant was under arrest; that the provisions of article 727, Code Cr. Proc. 1925, relating to confessions while under arrest, had not been complied with; and that appellant's statement was not admissible as res gestæ.

The bill of exception fails to show when the homicide occurred, but does disclose that the declaration in question was made within 30 or 40 minutes after the fact of the homicide had been made known to the sheriff. Hence it might be contended that the receipt of such testimony would be justified under the rule of res gestæ. We are doubtful as to whether the bill of exception shows the contrary. When the ruling of the trial court upon the receipt or exclusion of evidence is attacked the correctness of the ruling will be presumed, in the absence of a showing in the bill of exception to the contrary, and the presumption in favor of the ruling is not overcome by a mere recital in the bill of the grounds assigned for opposing the ruling. Moore v. State, 7 Tex. App. 14; Douglas v. State, 58 Tex. Cr. R. 122, 124 S. W. 933, 137 Am. St. Rep. 930; Fuller v. State, 50 Tex. Cr. R. 14, 95 S. W. 541; Bigham v. State, 36 Tex. Cr. R. 453, 37 S. W. 753; Hamlin v. State, 39 Tex. Cr. R. 579, 47 S. W. 656; James v. State, 61 Tex. Cr. R. 232, 134 S. W. 699; Conger v. State, 63 Tex. Cr. R. 327, 140 S. W. 1112; Morgan v. State, 82 Tex. Cr. R. 615, 201 S. W. 654; Cavanar v. State, 99 Tex. Cr. R. 446, 269 S. W. 1053.

If res gestæ, the declaration was properly received in evidence. Res gestæ is independent of, superior to, and cannot be restricted or limited by, the rules relating to confessions or admissions made, after arrest. Gowans v. State, 64 Tex. Cr. R. 401, 145 S. W. 614; Harris v. State, 110 Tex. Cr. R. 410, 10 S.W.(2d) 551.

The bill of exception might be disposed of on another ground. The evidence admitted

over the objections opposing the ruling of the trial court is not embodied in the bill. Our practice requires that the evidence admitted over objection be set out in the bill of exception. Branch's Annotated Penal Code of Texas, § 210; Chapman v. State, 37 Tex. Cr. R. 173, 39 S. W. 113; Barry v. State, 37 Tex. Cr. R. 306, 39 S. W. 692; Dement v. State, 39 Tex. Cr. R. 278, 45 S. W. 917; Ford v. State, 40 Tex. Cr. R. 283, 50 S. W. 350; Stroube v. State, 40 Tex. Cr. R. 583, 51 S. W. 357; Stanford v. State, 42 Tex. Cr. R. 346, 60 S. W. 253; Welch v. State, 66 Tex. Cr. R. 525, 147 S. W. 577; Strickland v. State, 101 Tex. Cr. R. 531, 276 S. W. 429.

██Assuming that the bill of exception is sufficient to require a review of the action of the court in admitting the declaration in question, we note that appellant's son testified to the fact that appellant shot deceased. The son was appellant's witness, and appellant elicited from him the fact that he (appellant) had shot deceased. Ordinarily the receipt of improper testimony will not bring about a reversal, when the same evidence from another source is before the jury without objection. Rogers v. State, 26 Tex. App. 404, 9 S. W. 762; Walker v. State, 17 Tex. App. 16; Johnson v. State (Tex. Cr. App.) 26 S. W. 504; Stephens v. State (Tex. Cr. App.) 26 S. W. 728; Logan v. State, 17 Tex. App. 50; West v. State, 2 Tex. App. 460; Carlisle v. State, 37 Tex. Cr. R. 108, 38 S. W. 991; Snow v. State, 91 Tex. Cr. R. 1, 237 S. W. 563, 20 A. L. R. 1180; Charles v. State, 85 Tex. Cr. R. 534, 213 S. W. 266; Davis v. State, 83 Tex. Cr. R. 539, 204 S. W. 652; Mason v. State, 79 Tex. Cr. R. 169, 183 S. W. 1153; Moore v. State, 81 Tex. Cr. R. 302, 194 S. W. 1112; Smith v. State, 81 Tex. Cr. R. 368, 195 S. W. 595; Utsler v. State, 81 Tex. Cr. R. 501, 195 S. W. 855; Goss v. State, 83 Tex. Cr. R. 349, 202 S. W. 956; Koontz v. State, 92 Tex. Cr. R. 17, 241 S. W. 160, 161; Nichols v. State, 91 Tex. Cr. R. 277, 238 S. W. 232, 234; Cavanar v. State, 99 Tex. Cr. R. 446, 269 S. W. 1053; McLaughlin v. State, 109 Tex. Cr. R. 307, 4 S.W.(2d) 54, and authorities collated therein; Herman v. State (No. 12599) 18 S.W.(2d) 170, delivered June 5, 1929. This principle is applicable here.

Bills of exception 2, 3, 4, 6, and 10 will be considered together, as they deal with the same subject. Witnesses for the state testified that 7 years prior to the homicide appellant prosecuted deceased and the mother of deceased for removing a fence from the premises occupied by appellant. Growing out of this trouble were threats on the part of appellant against deceased. A state's witness testified that, 4 years prior to the homicide, appellant stated to him that, if deceased lived to reach the age of 21, he would kill him. On another occasion, about the same time, according to a state's witness, appellant said that he intended to get deceased to come to

his house in order that he (appellant) might force deceased to fight it out with him. He said that it was his plan to place a gun in reach of deceased, force deceased to fight, and kill deceased when he attempted to reach for the gun. The main grounds of objection to this testimony were that appellant and deceased had become reconciled, and had been on friendly terms from the time the threats were uttered up until the date of the homicide, and that the threats were inadmissible as being too remote.

██That a threat may be remote in point of time is not ordinarily deemed a sound reason for rejecting proof of such threat. Leech v. State, 63 Tex. Cr. R. 339, 139 S. W. 1147; Powdrill v. State, 69 Tex. Cr. R. 340, 155 S. W. 231; Hamilton v. State, 83 Tex. Cr. R. 90, 201 S. W. 1009; Underhill's Criminal Evidence (3d Ed.) § 509; 2 Wharton's Criminal Evidence, § 911. The authorities seem to be in accord upon this proposition. There seems to be a conflict of opinion as to whether remote threats, followed by complete reconciliation, are admissible. In Brown v. State, 56 Tex. Cr. R. 389, 120 S. W. 444, and Hamilton v. State, 83 Tex. Cr. R. 90, 201 S. W. 1009, this court expresses the opinion that under such circumstances the proof of the threat should be rejected. In Powdrill v. State, supra, remote threats, followed by reconciliations, were received in evidence; the court holding that the facts were for the jury, who were authorized to determine the weight of the evidence. In the condition in which we find appellant's bills of exception, we deem it unnecessary to decide which rule is correct.

It is merely stated as a ground of objection, in appellant's bills of exception relating to the subject under discussion, that the threats involved were followed by perfect reconciliation. As stated hereinbefore, when the ruling of the trial court upon the receipt or exclusion of evidence is attacked, the correctness of the ruling will be presumed, in the absence of a showing in the bill of exception to the contrary, and the presumption in favor of the ruling is not overcome by a mere recital in the bill of the grounds assigned for opposing the ruling. Cavanar v. State, supra.

██That the threats involved shed light upon previous malice and premeditation on the part of appellant seems clear. In view of the fact that threats are not to be excluded because of lapse of time alone, and the further fact that the bills of exception in question fail to show that such threats were followed by reconciliation, we are constrained to overrule the assignment.

Several of appellant's bills of exception are concerned with the action of the trial court in permitting nonexpert witnesses to express the opinion that appellant was sane. In each instance appellant's objection was that the witness had not detailed the conversations or transactions with appellant "before the jury,

in order to furnish the jury with a predicate or basis from which to judge of the weight of the nonexpert opinion," and had "testified to no word spoken by him to the defendant, nor the defendant to him," and had not detailed any statement made by appellant to him. Each of the witnesses testified to various opportunities for observation of appellant. They had known appellant for several years. They had talked to him on many occasions. Although not stating the details of the conversations had with appellant, each of the witnesses named many of the subjects appellant had discussed with them. After stating these things, and after testifying that they had never heard him say or saw him do anything which led them to believe appellant of unsound mind, the witnesses were permitted to express the opinion that appellant was sane.

It is well settled that a nonexpert witness, who has shown reasonable opportunity to observe the acts and conduct of the party inquired of, may state that he has never observed anything in the acts, speech, demeanor, or conduct of such party which were peculiar, or which led witness to believe or conclude such party of unsound mind or abnormal. Turner v. State, 61 Tex. Cr. R. 97, 133 S. W. 1052; Rogers v. State, 71 Tex. Cr. R. 149, 159 S. W. 40; Plummer v. State, 86 Tex. Cr. R. 487, 218 S. W. 499; Long v. State, 82 Tex. Cr. R. 312, 200 S. W. 160; Gardener v. State, 90 Tex. Cr. R. 339, 235 S. W. 897; Kellum v. State, 91 Tex. Cr. R. 272, 238 S. W. 940.

In Shields v. State, 104 Tex. Cr. R. 253, 283 S. W. 844, 846, Judge Lattimore, speaking for the court, said: "We further observe that we are unable to draw the fine distinction between the weight, effect, and admissibility of a statement by one who shows himself to have seen, associated, and been with another enough to enable the witness to say that he has never seen or heard anything in the words, looks, or acts of such other to indicate that he is of unsound mind or abnormal, on the one hand, and the same statement in other words, viz. that from the length of such association and opportunity for such observation, even though he cannot remember details, he is of opinion that the party is of sound mind." See, also, Langhorn v. State, 105 Tex. Cr. R. 470, 289 S. W. 57.

Giving effect here to the announcement of the decisions referred to, we think the witnesses qualified to express the opinion that appellant was sane.

Appellant excepted to the charge of the court on the ground that the court used the word "establish," instead of employing the term "prove," in advising the jury that it was incumbent upon appellant to establish his defense of insanity by a preponderance of the evidence. We do not think the exception was well taken. The term "establish" is found in the charge of the court embraced in Willson's Criminal Forms (4th Ed.) 522, which charge has received the sanction of the court on a number of occasions. See section 38, Branch's Annotated Penal Code of Texas for authorities.

Failing to find reversible error, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J. Appellant insists that we erred in not considering his bills of exception. Examination of each of them confirms us in the conclusion that the matters stated in each as grounds of objection are in none of same verified as facts. The rule is as old as this court that a bill of exceptions taken by the accused must manifest by its recitals the error complained of. A bill which goes no further than to show that objections were made for stated reasons, no matter how lengthy and particular the reasons thus stated may be, will not be a good bill, unless in some way the facts thus stated as objections are shown by the bill, or by the form of approval of the trial judge, to be true. Munoz v. State (Tex. Cr. App.) 60 S. W. 759.

Finding no error in the matter as originally decided, the motion for rehearing will be overruled.