JOHN W. BRADY v. THE STATE.

No. 13869. Delivered December 10, 1930.
Rehearing denied January 21, 1931.
Reported in 34 S. W. (2d) 587.

428

The opinion states the case.

*Hughes & Monroe* of Dallas, *Dayton Moses* of Fort Worth, *Lon Curtis* of Belton and *John Peeler* of Austin, for appellant.

*Wm. McCraw,* Crim. Dist. Atty. and *Andrew J. Priest,* Asst. Dist. Atty., both of Dallas and *Henry Brooks,* Dist. Atty., *Hardy Hollers,* Asst. Co. Atty., and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for three years.

The trial was had in Dallas county on a change of venue from Travis County.

Appellant killed Lehlia Highsmith by cutting and stabbing her with a knife. It was the state's theory, given support in the testimony, that appellant killed deceased because of his jealousy at seeing her in company with two young men. It was appellant's contention that he was insane at the time of the commission of the offense and did not know the nature and consequences of his conduct. It was uncontroverted that appellant had been visiting deceased for several years prior to the homicide. During such time he had arranged for her employment in one of the courts in the capitol, in addition to making provision for her apartment. Witnesses for the state testified that appellant had threatened to kill deceased, and it was in evidence that he resented the fact that she at times associated with young men, deceased being a young woman and appellant being about sixty years of age. On the night of the homicide appellant had been drinking. He went to deceased's apart-

ment for the purpose of seeing her. She was away at the time, but soon returned with two young men. As she stepped from the car in front of the rooming house, deceased was accosted by appellant. According to the testimony of eye-witnesses, appellant cursed deceased, drew a knife and stabbed her several times.

Many witnesses for appellant testified that, in their opinion, he was insane. On the other hand, numerous witnesses offered by the state expressed the opinion that he was sane.

Bill of exception No. 1 is concerned with the action of the trial court in permitting Dr. Lee E. Edens to express the opinion that appellant was sane on the night of the homicide. The objection was that the proper predicate had not been laid, in that the witness had not had sufficient contact with appellant and had not been in his presence long enough to determine whether he was sane or insane. There was a further objection to the effect that the witness was not shown to be an alienist. The bill of exception discloses that Dr. Edens dressed a wound on appellant's finger shortly after the homicide. While dressing the wound, he and appellant engaged in conversation lasting about five minutes, and later, in a hospital, he and appellant conversed about fifteen minutes. Subsequent to dressing the wound, the witness saw appellant in the City Hall. Touching his competency to testify as an expert, the witness testified that he did not profess to be an alienist. He stated that he had made no more study of mental diseases than any ordinary physician doing general practice. It appears that he had been in the general practice eight or nine years. At the time of giving his testimony, Dr. Edens was Director of Public Health and Welfare of the City of Austin. Prior to testifying that, in his opinion, appellant was sane, the witness testified, without objection, that the statements appellant made to him were entirely rational.

While not necessary to decide, it is not clear that the witness was not entitled to express an opinion as an expert. In the case of Eckert v. State, 251 S. W. 804, this court, speaking through Judge Lattimore, expressed the opinion that a practitioner of medicine who was a graduate of a recognized school and had had occasion in the course of his practice to observe and treat cases of mental disorder should have been permitted to give his opinion, based upon a hypothetical statement of facts in the testimony, as to the mental soundness of the accused at the time of the commission of the crime.

It is well settled that a non-expert witness, who was shown reasonable opportunity to observe the acts and conduct of the party inquired of, may state that he has never observed anything in the acts, speech, demeanor, or conduct of such party which were peculiar, or which led the witness to believe or conclude such party of unsound mind or abnormal. Turner v. State, 61 Tex. Cr. R. 97, 133 S. W. 1052; Rogers v. State, 71 Tex. Cr. R. 149, 159 S. W. 40; Plummer v. State, 86 Tex. Cr. R. 487, 218 S. W. 499; Long v. State, 82 Tex. Cr. R. 312, 200 S. W. 160; Gardener v. State, 90 Tex. Cr. R. 339, 235 S. W. 897; Kellum v. State, 91 Tex. Cr. R. 272, 238 S. W. 940; Upton v. State, 20 S. W. (2d) 794. In Shields v. State, 104 Tex. Cr. R. 253, 283 S. W. 844, 846, Judge Lattimore, speaking for the court, said:

"We further observe that we are unable to draw the fine distinction between the weight, effect, and admissibility of a statement by one who shows himself to have seen, associated, and been with another enough to enable the witness to say that he has never seen or heard anything in the words, looks, or acts of such other to indicate that he is of unsound mind or abnormal, on the one hand, and the same statement in other words, viz., that from the length of such association and opportunity for such observation, even though he can not remember details, he is of opinion that the party is of sound mind."

In Langhorne v. State, 289 S. W. 57, two witnesses who had been with the accused but once, and who detailed what he said and did on that occasion were permitted to say that, in their opinion, he was of sound mind and knew right from wrong. In holding that the trial court did not abuse its discretion in permitting the witnesses to express the opinion mentioned, it was said that the matter as to whether the predicate is sufficient in a given case must be confided to the wisdom and discretion of the trial court, and that this court will be loath to interfere unless there is a clear abuse of such discretion. We are unable to agree with the contention that the trial court abused its discretion.

Five of appellant's bills of exception preserve alleged improper remarks on the part of the trial judge. Illustrative of the remarks made in the presence of the jury, we mention several. In sustaining the state's objection to the form of question, the court said to appellant's counsel: "Oh why do you do that? I don't like those expressions." Upon appellant's counsel taking exception to the comment, the court said to him: "Very well just propound the

question to the witness that you should propound to a witness in this court." Appellant's counsel propounded to one of the state's witnesses a question as follows: "Immediately you left the scene of that tragedy where that drunken man was threatening to kill that little girl and where she was crying 'have mercy' and then you say you went and got something to eat, is that true?" The court interrupted appellant's counsel with the statement: "Oh you make that speech to the jury." Another remark was: "Oh that is not the way to examine a witness." Appellant contends the remarks referred to are within the inhibition of Art. 707, C. C. P., which provides that in ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or make any remark calculated to convey to the jury his opinion of the case. We find nothing in the remarks that could be said to constitute a comment on the weight of the evidence or its bearing on the case. Nor do we believe that they were calculated to convey to the jury the trial judge's opinion of the case. The comments are in the nature of a caution or direction to counsel concerning the manner of examining the witnesses.

A witness for appellant, who had known appellant intimately in the City of Austin, having testified that, in his opinion, appellant was insane, was asked on cross-examination by the district attorney if there was an insane asylum located in the City of Austin. Appellant objected, and contends that the matter presents reversible error. We are unable to agree with him. In Newton v. State, 26 S. W. (2d) 233, witnesses for the accused had testified that he was insane. The state asked said witnesses, on cross-examination, why it had not occurred to them to have the accused restrained and placed in an asylum for the protection of society. We held that the question was proper for the purpose of testing the sincerity of the witnesses, in order that the jury might be aided in weighing the opinion expressed by them.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant presents but three points in his motion for rehearing. Each has been considered. While Dr. Edens had practiced medicine only about ten years, and frankly said he did not profess to be an alienist, the record shows that on a number of occasions he had seen and conversed with appellant; also that he had testified without objection that the statements and conversations of appellant with and to him were entirely rational; also without objection, that there was nothing in any statement made by appellant about any matter which indicated to the mind of witness that appellant was of unsound mind. We have no doubt that the trial court was well within his discretion in such case in allowing said witness to testify in this connection that in his opinion and from his observation and conversations with appellant, the latter was sane at the time. Shields v. State, above referred. to.

We have again examined each bill of exception presenting complaint of remarks of the trial court to appellant's counsel at different stages of the proceedings, but think the legal propositions applicable are correctly stated in the original opinion of this court. We think there is nothing in the other point attempted to be made.

The motion for rehearing will be overruled.

*Overruled.*