

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-20-00163-CR

ASLEY QUESADA-DIAZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 403rd District Court
Travis County, Texas
Trial Court No. D-1-DC-19-200144, Honorable Brenda Kennedy, Presiding

January 26, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Asley Quesada-Diaz appeals his conviction for sexual assault. Through one issue, he maintains that the trial court made an improper comment on the weight of the evidence. We affirm.[1]

*Background*

Appellant was a family friend of complainant R. C. Occasionally, he would stay at her apartment while she was at work. On one of those occasions, she returned home

---

[1] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

from work, and appellant sexually assaulted her. Though he claimed the encounter was a consensual one, ultimately, R. C. jumped from her second-story balcony and sought the assistance of a nearby stranger, who happened to have just entered his car to leave the apartment complex. She approached his car, explained in a hurried and frightened manner what had happened to her, and he took her to a nearby gas station where she called police.

At appellant's trial, the State began its examination of the passerby witness, attempting to question him on what R. C. said. Defense counsel objected on the basis of hearsay. The State attempted to elicit answers to lay the predicate for an excited utterance exception to the rule excluding hearsay. However, when the State again broached the topic of what R. C. said to the witness, defense counsel again objected to it as hearsay. The State responded that it believed the witness's earlier answer that R. C. appeared "very scared" and acted as though she was "pleading for her life" provided a sufficient foundation for the exception and noted that there were some timing and contextual difficulties associated with the witness's examination due to the fact that an interpreter was involved.

The trial court responded as follows:

I think what you could do is ask him was she expressing any emotion visually or otherwise, those types of things, describe how she looked, whether she was panicked, whether she was crying, whether she was screaming, whether she was yelling. Those are the types of questions you have to ask in order to determine whether she was showing any type of excitement or not.

Appellant did not object to the trial court's comment. The following exchange between the State and the witness followed immediately thereafter:

STATE: So just remembering you can't tell us what she said yet, we're just describing what you saw.

2

WITNESS: Correct.

STATE: So was she crying when you saw her?

WITNESS: Yes.

STATE: Was she screaming? Was she being loud?

WITNESS: Yes.

STATE: What other kinds of emotions was she showing to you?

WITNESS: She was touching my car desperately.

STATE: Now, at this point, what did she tell you?

WITNESS: She tells me to take her away from the apartment complex, that a man had just raped her.

Appellant lodged no further objections to the witness's testimony on the matter. Shortly after the witness testified on this factual matter, R. C. testified to a similar account of her having approached the witness.

*Sole Issue: Improper Comment on the Weight of the Evidence*

On appeal, appellant complains that the trial court's remarks amounted to an improper comment on the weight of the evidence. We address the merits of the issue despite the absence of a contemporaneous objection to the trial court's remarks. *See Proenza v. State*, 541 S.W.3d 786, 802 (Tex. Crim. App. 2017) (concluding that complaint about the trial court violating article 38.05 of the Code of Criminal Procedure, i.e., commenting on the weight of the evidence, need not be preserved for review). We overrule the issue.

In assessing the admissibility of evidence, a trial court must not discuss or comment upon the weight of same or its bearing in the case but shall simply decide whether it is admissible. TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979). So too

3

must it refrain from making any remark calculated to convey to the jury its opinion of the case. *Id.*; *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003). An improper comment occurs when the court implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *See Waldron v. State,* No. 03-17-00065-CR, 2018 Tex. App. LEXIS 912, at *50–51 (Tex. App.—Austin Feb. 1, 2018, pet. ref'd) (mem. op., not designated for publication); *Joung Youn Kim v. State,* 331 S.W.3d 156, 160 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Only if the comment is material must we determine whether it rises to the level of reversible error. *See Thornburgh v. State*, No. 11-12-00328-CR, 2015 Tex. App. LEXIS 1110, at *10 (Tex. App.—Eastland Feb. 5, 2015, pet. ref'd) (mem. op., not designated for publication).

A comment on the admissibility of testimony is not improper. *See Ostolin v. State*, No. 05-19-00181-CR, 2020 Tex. App. LEXIS 5505, at *6–7 (Tex. App.—Dallas July 17, 2020, no pet.) (mem. op., not designated for publication) (concluding that trial court's comment as to whether the tendered exhibits were "hearsay" like other objected-to evidence was more in the nature of a "comment on the admissibility of [the exhibits and] was in keeping with the court's gatekeeping function and did not approve of a State's argument, indicate disbelief in the defense's position on the merits, or diminish the credibility of the defense's approach to the case"); *Pelletier v. State*, No. 14-18-00008-CR, 2019 Tex. App. LEXIS 5164, at *15–16 (Tex. App.—Houston [14th Dist.] June 20, 2019, pet. ref'd) (mem. op., not designated for publication) (concluding trial court's comment that there had been no objection to a question asked of a witness hesitant to answer the question "had no bearing on the weight of the evidence" and concerned only, at most, the admissibility of the evidence); *see also Brady v. State*, 116 Tex. Crim. 427,

431, 34 S.W.2d 587, 589 (1930) (rejecting contention that trial court's remarks, including one advising counsel that "that is not the way to examine a witness," were not comments on the weight of the evidence and concluding, instead, that "the comments are in the nature of a caution or direction to counsel concerning the manner of examining the witnesses").

From the context of the statement at issue here, the trial court was attempting to rule on a hearsay objection and assess whether evidence being offered fell within the excited utterance exception to hearsay. In doing that, it, in effect, explained how to lay a proper foundation, that is, explain what questions could be asked to obtain the information needed for it to properly rule on the objection. Simply put, the trial court was conducting a mini-class on how to lay the foundation to the excited utterance exception of the hearsay rule. "Get answers to these questions so I can rule on the objection" is what the court was saying. It may be that undertaking such effort in front of a jury is not the best course of action. Yet, undertaking it in the context here fell short of implying any approval of the State's argument, indicating a disbelief in the defense's position, or diminishing the credibility of the defense's approach to the case. The situation was more akin to commenting on the admissibility of evidence than on the weight of evidence being sought.

We affirm the trial court's judgment of conviction.


Brian Quinn
Chief Justice


Do not publish.

5